UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SELVIN BLANCO and LEA CALEDONIO MORALES,      Civil Action No.
individually and on behalf of all others similarly situated,

                           Plaintiffs,

      -against-

ULTRA SONIC RVC, INC. and DONALD GELESTINO,

                         Defendants.
------------------------------------------------------------------------X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, SELVIN BLANCO and LEA CALEDONIO MORALES, individually and on behalf of all others similarly situated, by and through their undersigned counsel, as and for their Complaint against Defendants, Ultra Sonic RVC, Inc. and Donald Gelestino, allege as follows:

### JURISDICTION AND VENUE

1.    Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.    Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Selvin Blanco ("Blanco") was employed by Defendants as a car wash attendant from on or about mid-June 2013 until on or about September 4, 2018.

6.      Plaintiff Lea Caledonio Morales ("Morales") was employed by Defendants as a car wash attendant from on or about Mid-March 2015 to on or about February 28, 2018.

7.      Upon information and belief, Defendant Ultra Sonic RVC, Inc. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant Donald Gelestino ("Gelestino") is an individual residing in the State of New York.

9.      Defendant Gelestino is an officer, director, and/or managing agent of Ultra Sonic RVC, Inc. who participated in the day-to-day operations of Ultra Sonic RVC, Inc. Upon information and belief, at all times relevant, Defendant Gelestino exercised operational control over Ultra Sonic RVC, Inc., controlled significant business functions of Ultra Sonic RVC, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Ultra Sonic RVC, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees of Ultra Sonic RVC, Inc. As such, at all relevant times, Defendant Gelestino has been an employer under the FLSA and the NYLL. Defendant Gelestino is jointly and severally liable with Ultra Sonic RVC, Inc.

## **FACTS**

10.     Defendants own and operate a car wash located at 1 Merrick Road, Rockville Centre**,** New York.

11.     At all times relevant to this action, Plaintiffs were employed as car wash attendants for the benefit of and at the direction of Defendants at their car wash.

12.     Plaintiffs' responsibilities included cleaning and drying cars.

13.     From on or about mid-June 2013 until on or about September 4, 2018, Plaintiff Blanco worked Monday through Saturday from 7:30 a.m. until 5:30 p.m. and Sunday from 8:00 a.m. until 6:00 p.m.

14.     During this time, Plaintiff Blanco worked sixty (60) hours each week.

15.     From on or about Mid-March 2015 to on or about February 28, 2018, Plaintiff Morales worked five days per week from 7:30 a.m. until 7:30 p.m. with two rotating days off.

16.     During this time, Plaintiff Morales worked sixty (60) hours each week.

17.     During their employment, Plaintiffs were paid partly by check and partly in cash each week.

18.     During their employment, Plaintiffs and other car wash attendants were paid by the hour and received tips.

19.     During their employment, Plaintiffs and other car wash attendants were paid less than the statutory minimum wage.

20.     During their employment, Defendants never informed Plaintiffs and other car wash attendants of the Federal and New York state tip credit requirements.

21.     During their employment, Defendants regularly took a tip credit towards the basic minimum hourly rate paid to Plaintiffs and other car wash attendants.

22.     During their employment, Defendants regularly required Plaintiffs and other car wash attendants to share tips with employees who did not provide direct customer service.

23.     During their employment, Plaintiffs and other car wash attendants worked shifts in excess of 10 hours.

24.     Defendants, however, did not pay Plaintiffs and other car wash attendants spread of hours compensation.

25.     During their employment, Plaintiffs and other car wash attendants did not punch in and out themselves.

26.     During their employment, Defendants' cashiers punched in and out for Plaintiffs and other car wash attendants.

27.     During their employment, Defendants failed to maintain accurate time records of the hours that Plaintiffs and other car wash attendants worked.

28.     During their employment, Defendants' cashiers did not punch Plaintiffs and other car wash attendants in for the day until the first customer arrived for the day, despite Plaintiffs being required to be present at Defendants' car wash from the time their scheduled shifts began.

29.     During their employment, Defendants' cashiers punched Plaintiffs and other car wash attendants out for the day before their work shifts ended.

30.     During their employment, Defendants failed to provide Plaintiffs with a notice and acknowledgement of pay rate and payday, or any other type of wage notice, as required by NYLL § 195(1).

31.     During their employment, Defendants failed to provide Plaintiffs with accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with their weekly paycheck, as required by NYLL § 195(3).

4

32.     When Plaintiffs and other car wash attendants worked more than forty (40) hours a week, Defendants did not properly calculate their overtime rates because Defendants improperly availed themselves of the Federal and New York state tip credit.

33.     When Plaintiffs and other car wash attendants worked more than forty (40) hours a week, Defendants did not pay them time and a half their regular rates of pay for all overtime hours worked because the cashiers regularly punched Plaintiffs and other car wash attendants in several hours after their shifts actually began.

34.     When Plaintiffs and other car wash attendants worked more than forty (40) hours a week, Defendants did not pay them time and a half their regular rates of pay for all overtime hours worked because the cashiers regularly punched Plaintiffs and other car wash attendants out before their shifts ended.

35.     During their employment, Plaintiffs and other car wash attendants were not exempt from the overtime provisions of the FLSA or any applicable state laws.

36.     Defendants were aware of Plaintiffs' and other car wash attendants' work hours, but failed to pay them the full amount of wages to which they were entitled to for this work time under the law.

37.     Upon information and belief, Defendants were sued at least one other time for similar wage and hour violations by former employees.

38.     Upon information and belief, after that other lawsuit was settled, Defendants fired the majority of their car wash attendants in February 2018.

39.     Upon information and belief, at that time, Defendants hired new car wash attendants.

40.     Despite facing a lawsuit by former employees in the past and subsequently hiring new car wash attendants after firing the majority of their attendants, Defendants continued to pay their new car wash attendants in the same unlawful manner as their old ones.

41.     Defendants' failures to pay proper wages in a timely manner were made and continue to be made without good faith, willfully, and with a reckless disregard for Plaintiffs' and other car wash attendants' rights; and Plaintiffs and other car wash attendants have been damaged by such failures.

42.     During the course of the plaintiffs' employment, Defendants employed other car wash attendants.

43.     Defendants subjected all car wash attendants to the same illegal practices and policies as Named Plaintiffs herein.

44.     Defendants managed Plaintiffs and other car wash attendants' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

## GENERAL ALLEGATIONS

45.     Plaintiffs, individually, and on behalf of all similarly situated current and former employees of Defendants, including its subsidiaries and affiliated companies, bring this action as a collective action under the FLSA to recover, *inter alia*, unpaid overtime compensation, minimum wages, and statutory penalties owed to Plaintiffs and all other similarly situated employees.

46.     Defendants' failure to pay Plaintiffs and all other similarly situated employees overtime compensation when these employees worked in excess of 40 hours per week has violated the FLSA and the NYLL.

47.     As a result of these unlawful practices, Plaintiffs and the similarly situated employees suffered a loss of wages.

## COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following class of persons:

> All car wash attendants who worked for Defendants at their car wash location in Rockville Centre, New York at any time from six years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").

49.     Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, *inter alia*, they were required to work in excess of 40 hours a week without being paid proper overtime compensation.

50.     Defendants have known that Plaintiffs and similarly situated employees have performed work that has required overtime compensation. Nonetheless, Defendants have operated under a scheme to deprive Plaintiffs and the other members of the FLSA Class of overtime compensation by failing to properly compensate them for all time worked.

51.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiffs and the similarly situated employees.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. §201 ET SEQ.
### FAILURE TO COMPENSATE FOR OVERTIME

52.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

53.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

54.     Plaintiffs were entitled to overtime pay as required by the FLSA because Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce.

55.     Defendant Ultra Sonic RVC, Inc. was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

56.     At all times relevant to this Complaint, Defendant Ultra Sonic RVC, Inc. had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs and other car wash attendants who handled car washing materials that originated outside of the State of New York.

57.     Upon information and belief, the gross annual volume of sales made or business done by said Defendant for the years 2015, 2016, and 2017 was not less than $500,000.00.

58.     At all times relevant to this action, Plaintiffs and the similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

59.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

60.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the FLSA collective action Plaintiffs proper overtime compensation as required by the FLSA.

61.     Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiffs or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

62.     Plaintiffs and the similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

63.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

64.     As a result of Defendants' violations of the FLSA, Plaintiffs and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO PAY MINIMUM WAGES**

65.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

66.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 206(a).

67.     Defendant Ultra Sonic RVC, Inc. was and is subject to the minimum wage requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

68.     At all times relevant to this Complaint, Defendant Ultra Sonic RVC, Inc. had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs and other car wash attendants who handled car washing materials that originated outside of the State of New York.

69.     Upon information and belief, the gross annual volume of sales made or business done by said Defendant for the years 2015, 2016, and 2017 was not less than $500,000.00.

70.     Defendants improperly availed themselves of the tip credit when they required Plaintiffs and collective action members to share tips with employees who did not provide direct customer service.

71.     Defendants failed to inform Plaintiffs and collective action members of the provisions of 29 U.S.C. section 203(m).

72.     As a result, Defendants routinely and regularly failed to pay Plaintiffs and collective action members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

73.     As a result of Defendants' unlawful practices, Plaintiffs and the collective action members have suffered a loss of wages.

74.     As a result of Defendants' violations of the FLSA, Plaintiffs and all others similarly situated have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## STATE-WIDE CLASS ALLEGATIONS

75.     Plaintiffs also seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as car wash attendants with respect to the claims pleaded in Counts III, IV, V, VI, VII, and VIII of the Complaint.

76.     Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)     The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)     There are questions of law or fact common to the class which predominate over and questions affecting only individual members;

(c)     The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)     The representative parties will fairly and adequately protect the interests of the class; and

(e)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

77.     Plaintiffs seek certification of a class consisting of the following individuals:

All car wash attendants who worked for Defendants at their car wash location in Rockville Centre, New York at any time from six years prior to the filing of this Action to the entry of judgment in this Action (hereinafter the "New York Class").

11

**Numerosity**

78.    Plaintiffs satisfy the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

79.    The proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

**Common Questions of Fact or Law**

80.    There are questions of fact and law common to each class member which predominate over any questions affecting only individual members.

81.    With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**Typicality**

82.    Plaintiffs' claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiffs suffered similar injuries as those suffered by other members of the respective class they seek to represent.

**Adequacy**

83.    Plaintiffs are adequate representatives of the class they seek to represent because they are members of such class, and their interests do not conflict with the interests of the members of the class they seek to represent. The interests of the class members will be fairly and adequately protected by Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

**Superiority**

84.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

85.     Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.

86.     The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW**

87.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

88.     At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

90.     By the above-alleged conduct, Defendants have failed to pay Plaintiffs and members of the New York Class overtime compensation as required by the New York Labor Articles.

91.     Plaintiffs and the other members of the New York Class are not exempt from the overtime provisions of the New York Labor Articles, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

92.     Plaintiffs and the other members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the New York Labor Articles, has been applied to all members of the New York Class and has deprived them of proper overtime compensation.

93.     Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

94.     As a result of Defendants' violations of the NYLL, Plaintiffs and all other class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY MINIMUM WAGES UNDER NEW YORK LABOR LAW**

95.     Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

96.     At all times relevant to this Action, Plaintiffs and the class members were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

14

97.     Defendants improperly availed themselves of the tip credit when they required plaintiffs and collective action members to share tips with employees who did not provide direct customer service.

98.     Defendants failed to inform Plaintiffs and class members of the New York state tip credit provisions.

99.     As a result, Defendants willfully failed to pay Plaintiffs and the class members at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

100.    As a result of Defendants' unlawful practices, Plaintiffs and the class members suffered a loss of wages.

101.    As a result of Defendants' violations of the NYLL, Plaintiffs and all other class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

102.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

103.    At all times relevant to this Complaint, Defendants were an "employer" of Plaintiffs and class members within the meaning of the NYLL and the regulations pertaining thereto.

104.    At all times relevant to this Complaint, Plaintiffs and class members were "employees" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

15

105.    At all times relevant to this Complaint, Defendants employed Plaintiffs and class members, suffering or permitting them to work within the meaning of the NYLL and the regulations pertaining thereto.

106.    In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiffs and class members an additional hour of pay when the spread of hours between the beginning and end of Plaintiffs and class members' workday exceeded ten.

107.    Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and class members' rights.

108.    As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs and class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**SECTION 196-d**
**ILLEGAL TIP SHARING**

109.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

110.    In violation of NYLL section 196-d, Defendants regularly required Plaintiffs and other members of the New York Class to share tips with employees who did not perform direct customer service.

111.    Such violation constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs and class members' rights.

112.    As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiffs and class members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

16

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

113.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

114.    Defendants willfully failed to furnish Plaintiffs and class members with wage notices during the entirety of their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs and class members as their primary language, which were to contain, among other things, Plaintiffs and class members' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs and class members' regular hourly rate of pay and overtime rate of pay.

115.    Through their knowing and intentional failure to provide Plaintiffs and class members with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

116.    Due to Defendants' willful violations of the NYLL, Plaintiffs and class members are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VIII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

117.    Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

118.    Defendants willfully failed to provide Plaintiffs and class members written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

119.    Through their knowing and intentional failure to provide Plaintiffs and class members with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

120.    Due to Defendants' willful violations of the NYLL, Plaintiffs and class members are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all car wash attendants who currently work for or who have worked for Defendants within the last six years;

B.    Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former car wash attendants employed by Defendants

during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

C.      Authorize Plaintiffs to certify their claims under the state law of New York;

D.      Declare and find that the Defendants committed one or more of the following acts:

   1.      Violated provisions of the FLSA by failing to pay overtime wages and minimum wages to Plaintiffs and similarly situated persons who opt into this Action;

   2.      Willfully violated the overtime provisions of the FLSA;

   3.      Violated the provisions of the NYLL by failing to pay overtime wages, minimum wages, and spread of hours pay to Plaintiffs and all class members;

   4.      Willfully violated the overtime provisions of the NYLL;

   5.      Violated the provisions of the NYLL by failing to provide wage notices and wage statements to Plaintiffs and all class members;

E.      Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

F.      Award interest on all NYLL overtime compensation, minimum wages, and spread of hours compensation owed, accruing from the date such amounts were due;

G.   Award all costs, attorney's fees incurred in prosecuting this action, as well as liquidated damages under the NYLL, or alternatively, the FLSA;

H.   Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I.   Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
        October 24, 2018

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Ultra Sonic RVC, Inc., Ultra Sonic Inc., and Donald Gelestino** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Ultra Sonic RVC, Inc., Ultra Sonic Inc., and Donald Gelestino** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 9/7/18

*selvin chavez*

Selvin Blanco

- 1 -

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Ultra Sonic Rvc, Inc., Ultra Sonic, Inc. and Donald Gelestino** / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Ultra Sonic Rvc, Inc., Ultra Sonic, Inc. and Donald Gelestino** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 10/9/18

Lea. Caledonio
Lea Caledonio Morales

- 1 -